IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles H. Wolfe,                              Case No. 3:05CV7190

        Plaintiff

    v.                                              ORDER

Bank One Corp.,

        Defendant

Plaintiff Charles H. Wolfe brings this suit, claiming defendants Encore Receivable Management Inc. and Bank One Corp. violated the Ohio Consumer Sales Practices Act (OCSPA), Ohio Rev. Code §§ 1345.01 *et seq* and engaged in abusive debt collection practices under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. Jurisdiction exists under 28 U.S.C. § 1332. Defendant Bank One has filed a motion to dismiss all claims against it.[1] Because Wolfe did not respond to Bank One's motion as to his OCSPA claim, I will grant it without comment. Left pending is defendant's motion for summary judgment on Wolfe's FDCPA claim. For the reasons stated below that motion shall be granted.

**Background**

Wolfe and his then-living wife applied for and received a United Mileage Plus Visa credit card from the defendant in 1987. He has had the card ever since. In

---

[1] Bank One appends to its motion the affidavit of Donna Parisek and Wolfe's billing statements. I will, consequently, treat Bank One's motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b).

September of 1999, Wolfe's credit card balance exceeded $13,000 and by April of 2005 it exceeded $19,000.

Bank One has made phone calls to Wolfe's home to try and collect this debt. At the same time, Bank One has also made phone calls to Wolfe's home to try and collect a debt from his now deceased caregiver, Dr. Pamela Conley. After it was notified of Conley's death, Bank One stopped making collection calls on her debt in early 2005.

Bank One allegedly made debt collection phone calls outside the hours of 8:00 a.m. to 9:00 p.m. The FDCPA prohibits debt collectors from making collection calls outside of that statutorily permissible time frame. 15 U.S.C. § 1692c. Wolfe argues that Bank One's actions therefore violated the statute. Bank One responds that it is exempt because the statute does not apply to those creditors trying to collect their own debts. 15 U.S.C. § 1692a(6)(F). Wolfe replies that Bank One made collection calls in the names of United Mileage Plus and Encore Receivable Management Inc as well as in the name of Bank One itself.[2] Because the statute voids the exemption for creditors collecting their own debts when creditors make collection calls under names other than their own, Wolfe argues Bank One remains liable.[3]

---

[2] Wolf's response also alleges that he received collection calls from Bank One in the name of Chase Bank USA. His affidavit, however, references only calls in the names of Bank One, United Mileage Plus, and Encore Receivable Management Inc. Thus I will consider only calls allegedly made in those names.

[3] Bank One also argues that it is exempt from the statute because it acquired Wolfe's debt before he was in default. Bank One's argument misstates the law. The statute does exempt creditors collecting their own debts or debts acquired before default. 15 U.S.C. § 1692a(6)(F). The statute also, however, curbs that exemption in situations where the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, the threshold inquiry remains whether Bank One attempted to collect this debt using any name other than its own.

**Discussion**

The sole issue is whether Bank One can be held liable under the FDCPA for calls made in the names of Encore Receivable Management Inc. or United Mileage Plus.[4] For the following reasons I hold that no jury could find Bank One liable.

First, Bank One cannot be liable for the calls made in the name of Encore Receivable Management Inc. because it did not make them. While Wolfe may believe that Bank One made those phone calls, he offers no evidence that it did aside from his unsupported allegation. Bank One, rather, explains that it briefly transferred Wolfe's account to Encore, an unaffiliated entity and another defendant in this litigation. Any calls made in the name of Encore were made by Encore itself, not Bank One. Because Wolfe has offered no evidence such that a jury could reasonably find for him with respect to these calls, Bank One cannot be liable for them. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Second, Bank One cannot be liable for the calls made in the name of United Mileage Plus because Bank One was merely using the name under which it has consistently done business with Wolfe. A creditor collecting its own debt becomes subject to the FDCPA "when it uses a name that implies that third party [sic] is involved in collecting its debts, 'pretends to be someone else' or 'uses a pseudonym or alias.'" *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) (quoting *Villarreal v. Snow*, 1996 WL 473386 at *3 (N.D.Ill. Aug.19, 1996). In addition, "a creditor may use any established name under which it is known, to collect its debts from a particular debtor as long [as] it has consistently dealt with such debtor since the

---

[4] Wolfe does not seem to argue that there was anything improper about the calls made in the name of Bank One itself.

beginning of the credit relationship at issue under such name." *Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122, 1128 (S.D.W.Va.1990).

Bank One claims, and Wolfe does not seem to dispute, that United Mileage Plus is the program name for Wolfe's credit card. In support, Bank One submits copies of Wolfe's billing statements, all emblazoned with the words "United Mileage Plus" across the top. Wolfe does not dispute that these are his billing statements. I find, therefore, that there is no genuine issue of material fact as to whether Bank One has consistently done business with Wolfe as United Mileage Plus. Thus Bank One cannot be liable for collections calls it made using that name.

Finally, Wolfe, for the first time, claims that he never authorized a number of charges that appear on his credit card statement. Even viewing this unsupported allegation in a light most favorable to Wolfe, the FDCPA provides that "unless the consumer disputes the validity of the debt within thirty days of receipt of the notice, the debt collector will assume the debt to be valid." 15 U.S.C. §1692g(a)(3). This does not mean that Wolfe cannot dispute these charges. But it does mean that Bank One was entitled to continue with its debt collection activities concerning this debt. *Trull v. GC Services Ltd. P'ship* 961 F. Supp. 1199, 1205 (N.D.Ill.1997) ("[D]ebt collector need only cease collection if the consumer disputes the debt."). Wolfe's opposition is the first time that he has disputed these charges. Bank One's collection activities, therefore, were permissible under the statute.

**Conclusion**

In light of the foregoing, it is

ORDERED THAT defendant Bank One's motion to dismiss be, and the same hereby is granted.

So ordered.

<u>s/James G. Carr</u>
James G. Carr
Chief Judge
