IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles H. Wolfe,                                Case No. 3:05CV7190

           Plaintiff

v.                                                   ORDER

Encore Receivable Management, Inc.,

           Defendant.

Plaintiff Charles H. Wolfe brought suit against defendant Encore Receivable Management, Inc. (Encore) for harassing phone calls in violation of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act (OCSPA), O.R.C. § 1345.01 *et seq*. Encore is a debt collection agency.

Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Pending is Encore's motion for summary judgment, on both the FDCPA and OCSPA claims.[1] For the following reasons, that motion will be granted in part and denied in part.

**Background**

Wolfe lived with Dr. Pamela Conley for many years. They were not related. Dr. Conley died in October, 2004. At the time of her death, Dr. Conley owed Bank One over $19,000 in credit card debt. Wolfe claims that: beginning about forty-five days after Dr.

---

[1] Encore attached an affidavit to its 12(b)(6) motion to dismiss, so the motion will be treated as a Rule 56 motion for summary judgment. Fed. R. Civ. P. 56

Conley's death, he began receiving phone calls and written credit card statements from various sources demanding payment of Dr. Conley's debt.

In December, 2004, Wolfe's attorney wrote Bank One a letter explaining: 1) Dr. Conley had died; 2) Wolfe was not a signatory on her credit card; 3) Wolfe was not liable for her debts; and 4) Wolfe wanted the bank to stop contacting him. Wolfe alleges that from January through April, 2005, he continued receiving harassing phone calls from various parties including Encore.

### Standard of Review

Summary judgment is proper only where there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if its resolution could convince a reasonable jury to find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, courts must view all evidence, facts, and any inferences drawn from the facts, in a light most favorable to the nonmoving party. *Kocsis v. Multicare Mgmt.*, 97 F.3d 876, 882 (6th Cir. 1996).

### Discussion

Wolfe has not opposed Encore's motion with regard to OCSPA. Therefore summary judgment will be granted on that claim. Remaining is Wolfe's FDCPA claim.

The FDCPA bars abusive debt collection practices. 15 U.S.C. § 1692(e). Debt collectors may not engage in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d.

Wolfe alleges Encore breached the FDCPA in three ways: 1) it violated § 1692g(a) by not sending him written notice of the collection effort within five days of the

parties' initial contact; 2) it violated § 1692c(a)(2) by communicating directly with him when it knew he was represented by an attorney; and 3) it violated § 1692d(5) by calling to annoy and harass him. If true, these facts could be a basis for imposing liability on Encore.

In dispute is when Encore contacted Wolfe. Encore contends it could not have contacted Wolfe before it received Dr. Conley's account from Bank One in May, 2005. Wolfe, however, submitted an affidavit stating he received calls from January through May, 2005, from persons identifying themselves as affiliated with Encore. Accordingly, there remains a genuine issue of material fact, and summary judgment is inappropriate.

## Conclusion

For the foregoing reasons, it is therefore,

ORDERED THAT:

1. Encore's motion for summary judgment on Wolfe's OCSPA claim be, and the same hereby is, granted;

2. Encore's motion for summary judgment on Wolfe's FDCPA claim be, and the same hereby is, denied.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge